# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

NANCY A. KUGLER,

    Plaintiff,

v.                                                                   Case No.: 12-C-840

LEXISNEXIS OCCUPATIONAL
HEALTH SOLUTIONS INC.,

    Defendant.

## AGREED PROTECTIVE ORDER WITH PROVISO

    This matter is before me as the parties have filed a stipulation for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. The parties have submitted a proposed Protective Order which addresses pretrial discovery that may contain sensitive, confidential information of both parties and non-parties from whom discovery may be sought. The parties are seeking to protect such information from unnecessary public release. An agreement such as the one the parties have entered into serves the important purpose of expediting discovery without requiring the court to pass on every document arguably responsive to a discovery request that a party desires to withhold from public scrutiny. The protective order adopting their agreement will therefore be entered, *but with the following proviso*.

    The parties should understand that there are no guarantees that documents they designate "confidential", once made a part of the record before the Court, will remain confidential and maintained under seal. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) ("Calling a

settlement confidential does not make it a trade secret, any more than calling an executive's salary confidential would require a judge to close proceedings if a dispute erupted about payment (or termination). Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing."); *see also Hicklin Engineering, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006)("What happens in the federal courts is presumptively open to public scrutiny."). The records and decisions of the courts should be within the public's view to allow the public access to the reasoning upon which judicial decisions rest. *See Leavell* at 567. For this reason, the parties should be aware that the Court is not bound by the designation of material as confidential by the parties under the Protective Order and, to the extent necessary to reveal the Court's reasoning process, material bearing such a designation that is made a part of the record may be disclosed absent a showing of good cause. Under certain circumstances, third parties can also challenge the parties' designation of information made a part of the record as confidential. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36-37 (1984). Furthermore, in the event an appeal is taken from any order of this Court, no part of the record will remain sealed absent a specific finding of good cause.

In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (4) states that "[a]ny motion to seal must be accompanied by proof of good cause for withholding the material from the public record." Subsection (6) requires that any material marked confidential that a party wishes to file with the court "must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.'" The party filing the material designated "confidential" has two options:

> Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.

General L. R. 79(d)(7).

In addition to the requirements set forth in General L.R. 79(d), *the parties are also directed to consult with one another before filing material marked as confidential* in an effort to minimize the filing of such material and to decrease the time spent determining whether the material that is filed must remain confidential. Therefore, the party filing material claimed to be confidential must, after consulting with the other party, either file a motion to seal accompanied by proof of good cause for withholding the material from the public record, or, if the party has not designated the material confidential or does not believe good cause exists to seal the material, that party should simply file an objection to the designation of the material as confidential. The filing party thereby shifts to the party that made the designation the burden of establishing good cause without the need for the court to enter an order to show cause.

Subject to this proviso, the Protective Order submitted by the parties is hereby adopted by the Court as follows:

1. This Agreed Protective Order shall remain in effect for the duration of this action, unless otherwise ordered by the Court or agreed by the parties.

2. The purpose of this Agreed Protective Order is to protect against the unnecessary disclosure of confidential and/or proprietary information. Information and documents protected by this Agreed Protective Order shall include:

3

a. All information and documents produced by the parties in response to each other's written discovery requests or otherwise in this action that refer to, reflect upon, or relate to personnel documents, non-publicly available documents, or documents relating to the conduct of Defendant's businesses of a sensitive, confidential, or proprietary nature, including trade secrets, operational details, financial information, information relating to Defendant's business strategies, information concerning Defendant's present or former employees, Defendant's present or former clients, information about Defendant's policies, practices, or procedures;

b. Trade secrets or other confidential and proprietary technical, business, or financial information that is not generally known to the public;

c. Any medical information pertaining to Plaintiff or other individuals not generally available to the public;

d. All settlement agreements between Plaintiff and any other entity or individual;

e. Any other documents or testimony that a party in good faith designates as "Confidential."

The information and documents protected by this Agreed Protective Order shall be referred to as "Confidential Materials." The restrictions contained herein regarding disclosure of Confidential Materials also apply with equal force to any excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action that contain or refer to Confidential Materials or information contained therein.

3. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity

4

Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

    4.     Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed, unless otherwise ordered by a court, to any other person or entity other than:

    a.     The parties in this action;

    b.     Counsel for the parties in this action, including employees of such counsel to the extent necessary to render professional services in this action;

    c.     The Court and persons employed by the Court working on this action;

    d.     Court reporters at the proceedings in this action;

    e.     Experts or consultants retained or consulted by the parties in connection with this action, but only as set forth in Paragraph 5 below; and

    f.     Deponents, trial witnesses, and potential witnesses in connection with this action, excluding parties in this action, but only as set forth in Paragraph 5 below.

    5.     Prior to making the disclosure of any Confidential Materials pursuant to subsections (e) and (f) of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Agreed Protective Order.  In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit A) to be bound by the terms of this Agreed Protective Order.  The signed Acknowledgment forms will be mailed by counsel to opposing counsel immediately upon execution.

    6.     In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and

exhibits as "Confidential." Such transcripts, exhibits, and the information contained therein shall remain protected under this Agreed Protective Order regardless of whether the parties' counsel exercises the option provided by this subparagraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

7. This Agreed Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8. Upon request by the producing party, within thirty (30) days of the conclusion of this action as to all parties, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possesses attorney work product containing or referring to Confidential Materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.

9. Nothing in this Agreed Protective Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Agreed Protective Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action. In the event Confidential Materials are included in any paper filed with the Court, *subject to the proviso above*, such paper shall be filed as "Confidential," except as otherwise provided by the Court, or as otherwise agreed to by the parties in writing.

10. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

11.     Any party may apply to the Court for relief from this Agreed Protective Order.  The party seeking relief from this Agreed Protective Order shall specify which information designated as "Confidential" by the opposing party it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information.  Neither party shall disclose any information designated as "Confidential" by an opposing party without the written consent of the opposing parties or the express permission of the Court.

12.     Before seeking relief from the Court due to an alleged violation of this Agreed Protective Order, the party seeking relief shall attempt to resolve the matter by agreement with the other party.

13.     The terms of this Agreed Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by Order of the Court.

14.     The Court retains the right to allow disclosure of any subject covered by this Agreed Protective Order or to modify this Agreed Protective Order at any time in the interest of justice.

15.     Any violation of the terms of this Agreed Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.

**SO ORDERED** this    11th    day of March, 2013.

      s/ William C. Griesbach
      WILLIAM C. GRIESBACH, CHIEF JUDGE
      UNITED STATES DISTRICT COURT